DANIEL SIMON, OSB #124544
Deputy City Attorney
dan.simon@portlandoregon.gov
Portland City Attorney's Office
1221 SW 4th Ave., Rm. 430
Portland, OR 97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
*Of Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **JORGE BELLO,** | 3:22-cv-00411-SI |
| **PLAINTIFF,** | |
| v. | **DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES** |
| **CITY OF PORTLAND and JOHN OLIPHANT,** | |
| **DEFENDANTS.** | |

Defendants City of Portland and John Oliphant (hereinafter "Defendants" or "City"), answer plaintiff's First Amended Complaint (ECF No. 6) in correspondingly numbered paragraphs as follows:

## INTRODUCTION

1.

Defendants deny the allegations in paragraph 1.

## JURISDICTION, VENUE AND PARTIES

2.

Defendants admit the allegations in paragraph 2.

3.

Defendants admit the allegations in paragraph 3.

Page 1 – DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

4.

Defendants are currently without information sufficient to admit or deny the allegations in paragraph 4 and therefore deny the allegations.

5.

Defendants admit the allegations in paragraph 5 of the Complaint.

6.

Defendants admit the allegations in paragraph 6 of the Complaint.

7.

Defendants admit the allegations in paragraph 7 of the Complaint.

## STATEMENT OF FACTS

8.

Defendants admit that on August 24, 2020, during the night in North Portland in the area of the former Portland Police Association ("PPA") building, Portland Police Bureau ("PPB") officers on the Rapid Response Team ("RRT") declared an unlawful assembly and a riot when a crowd of people set fires in public streets, tried to set the PPA building on fire, vandalized property, intentionally blocked streets, and physically assaulted PPB officers. Defendants further admit that following multiple announcements from the PPB sound truck ordering the crowd to disperse and get out of the streets as well as warnings that people who remained would be subject to potential uses of force, PPB officers began to disperse the crowd. Otherwise, defendants are currently without information sufficient to admit or deny the allegations in paragraph 8 and therefore deny the allegations.

9.

Defendants admit that Sgt. John Oliphant observed plaintiff Jorge Bello hiding in a group of people wearing markings identifying themselves as press. Plaintiff Bello was not wearing any markings identifying himself as press or a legal observer and Sgt. Oliphant believed that plaintiff Bello was hiding in the press group in order to intentionally defy police orders to clear the street.

Page 2 – DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM. 430
PORTLAND, OREGON 97204
TELEPHONE: (503) 823-4047
FAX: (503) 823-3089

Sgt. Oliphant moved towards Mr. Bello to arrest him for the crimes of Disorderly Conduct II and Interfering with a Police Officer and attempted to demask him. Sgt. Oliphant then called to other officers to assist in taking Mr. Bello into custody. Other officers moved in to take Mr. Bello in custody and Sgt. Oliphant disengaged from Mr. Bello. Otherwise, defendants deny the allegations in paragraph 9 of the Complaint.

10.

Defendants deny the allegations in paragraph 10 of the Complaint.

11.

Defendants admit that officers other than Sgt. Oliphant took plaintiff Bello into custody. Otherwise, defendants are currently without information sufficient to admit or deny the allegations in paragraph 11 and therefore deny the allegations.

12.

Defendants are currently without information sufficient to admit or deny the allegations in paragraph 12 and therefore deny the allegations.

13.

Defendants are currently without information sufficient to admit or deny the allegations in paragraph 13 and therefore deny the allegations.

14.

Defendants are currently without information sufficient to admit or deny the allegations in paragraph 14 and therefore deny the allegations.

15.

Defendants are currently without information sufficient to admit or deny the allegations in paragraph 15 and therefore deny the allegations.

16.

Defendants are currently without information sufficient to admit or deny the allegations in paragraph 16 and therefore deny the allegations.

Page 3 –   DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

17.

Defendants deny that the force used by PPB officers to take plaintiff Bello into custody was excessive. Otherwise, defendants are currently without information sufficient to admit or deny the allegations in paragraph 17 and therefore deny the allegations.

18.

Defendants are currently without information sufficient to admit or deny the allegations in paragraph 18 and therefore deny the allegations.

19.

Defendants deny the allegations in paragraph 19.

20.

Defendants deny the allegations in paragraph 20.

21.

Defendants deny the allegations in paragraph 21.

22.

The allegations in paragraph 22 are legal conclusions and no response is required.

## DAMAGES

23.

Defendants deny the allegations in paragraph 23. Defendants deny that plaintiff is entitled to relief.

24.

Defendants deny the allegations in paragraph 24. Defendants deny that plaintiff is entitled to relief.

25.

Defendants deny the allegations in paragraph 25. Defendants deny that plaintiff is entitled to relief.

Page 4 – DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM. 430
PORTLAND, OREGON 97204
TELEPHONE: (503) 823-4047
FAX: (503) 823-3089

26.

Defendants deny the allegations in paragraph 26. Defendants deny that plaintiff is entitled to relief.

27.

Defendants deny the allegations in paragraph 27. Defendants deny that plaintiff is entitled to relief.

**FIRST CLAIM FOR RELIEF**
Fourth Amendment Violation – Excessive Force (42 U.S.C. Sec. 1983)
(Against Defendant OLIPHANT)

28.

Defendants restate and reincorporate the responses in paragraphs 1-27 below.

29.

Defendants admit that the Fourth and Fourteenth Amendments of the U.S. Constitution grant U.S. citizens the rights to be free from unreasonable seizures and excessive force.

30.

Defendants deny the allegations in paragraph 30.

31.

Defendants deny the allegations in paragraph 31.

32.

Defendants deny the allegations in paragraph 32.

33.

Defendants deny the allegations in paragraph 33. Defendants deny that plaintiff is entitled to relief.

///
///
///
///

Page 5 – DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

## SECOND CLAIM FOR RELIEF
Fourth Amendment Violation – Unconstitutional Policy, Custom, or Practice – *Monell*
(42 U.S.C. Sec. 1983)
(Against Defendant PORTLAND)

34.

Defendants restate and reincorporate the responses in paragraphs 1-33 below.

35.

Defendants admit that the Fourth and Fourteenth Amendments of the U.S. Constitution grant U.S. citizens the rights to be free from unreasonable seizures and excessive force.

36.

Defendants deny the allegations in paragraph 36.

37.

Defendants deny the allegations in paragraph 37.

38.

Defendants deny the allegations in paragraph 38. Defendants deny that plaintiff is entitled to relief.

## THIRD CLAIM FOR RELIEF
Assault and Battery
(Against Defendant PORTLAND; Alternatively, OLIPHANT)

39.

Defendants restate and reincorporate the responses in paragraphs 1-38 below.

40.

Defendants admit that on February 18, 2021, the City of Portland received a letter entitled "Tort Claims Notice Sent Pursuant to ORS 30.275" from plaintiff's counsel stating plaintiff Bello's intent to file a claim for relief based on his encounter with police on August 24, 2020. Otherwise, the allegations of paragraph 40 are a legal conclusion and no response is required.

41.

Defendants deny the allegations in paragraph 41.

Page  6 –   DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

42.

Defendants deny the allegations in paragraph 42.

43.

Defendants admit that Sgt. Oliphant's actions on August 24, 2020 occurred in the course and scope of Sgt. Oliphant's employment with the City of Portland. Otherwise, defendants deny the allegations in paragraph 43.

44.

Defendants deny the allegations in paragraph 44.

45.

Defendants deny the allegations in paragraph 45.

46.

Defendants deny the allegations in paragraph 46. Defendants deny that plaintiff is entitled to relief.

**FOURTH CLAIM FOR RELIEF**
Negligence
(Against Defendant PORTLAND)

47.

Defendants restate and reincorporate the responses in paragraphs 1-46 below.

48.

Defendants admit that on February 18, 2021, the City of Portland received a letter entitled "Tort Claims Notice Sent Pursuant to ORS 30.275" from plaintiff's counsel stating plaintiff Bello's intent to file a claim for relief based on his encounter with police on August 24, 2020. Otherwise, the allegations of paragraph 48 are a legal conclusion and no response is required.

49.

Defendants admit that Sgt. Oliphant's actions on August 24, 2020 occurred in the course and scope of Sgt. Oliphant's employment with the City of Portland as a Portland police officer. Otherwise, defendants deny the allegations in paragraph 49.

Page 7 –   DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

50.

Defendants deny the allegations in paragraph 50.

51.

Defendants deny the allegations in paragraph 51.

52.

Defendants deny the allegations in paragraph 52.

53.

Defendants deny the allegations in paragraph 53. Defendants deny that plaintiff is entitled to relief.

**FIFTH CLAIM FOR RELIEF**
Trespass to Chattels/Property Damage
(Against Defendant PORTLAND)

54.

Defendants restate and reincorporate the responses in paragraphs 1-53 below.

55.

Defendants admit that on February 18, 2021, the City of Portland received a letter entitled "Tort Claims Notice Sent Pursuant to ORS 30.275" from plaintiff's counsel stating plaintiff Bello's intent to file a claim for relief based on his encounter with police on August 24, 2020. Otherwise, the allegations of paragraph 55 are a legal conclusion and no response is required.

56.

Defendants are currently without information sufficient to admit or deny the allegations in paragraph 56 and therefore deny the allegations.

57.

Defendants are currently without information sufficient to admit or deny the allegations in paragraph 57 and therefore deny the allegations.

58.

Defendants are currently without information sufficient to admit or deny the allegations

Page 8 –   DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

in paragraph 58 and therefore deny the allegations.

59.

Defendants are currently without information sufficient to admit or deny the allegations in paragraph 59 and therefore deny the allegations.

**SIXTH CLAIM FOR RELIEF**
First Amendment Violation – Viewpoint Discrimination (42 U.S.C. Sec. 1983)
(Against Defendant OLIPHANT)

60.

Defendants restate and reincorporate the responses in paragraphs 1-59 below.

61.

Defendants admit that plaintiffs have a right to free speech and assembly under the First and Fourteenth Amendments of the U.S. Constitution.

62.

Defendants deny the allegations in paragraph 62.

63.

Defendants deny the allegations in paragraph 63.

64.

Defendants deny the allegations in paragraph 64.

65.

Defendants deny the allegations in paragraph 65. Defendants deny that plaintiff is entitled to relief.

**SEVENTH CLAIM FOR RELIEF**
First Amendment Violation – Unconstitutional Policy, Custom, or Practice – Monell
(42 U.S.C. Sec. 1983)
(Against Defendant PORTLAND)

66.

Defendants restate and reincorporate the responses in paragraphs 1-65 below.

Page 9 –   DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

67.

Defendants admit that plaintiffs have a right to free speech and assembly under the First and Fourteenth Amendments of the U.S. Constitution.

68.

Defendants deny the allegations in paragraph 68.

69.

Defendants deny the allegations in paragraph 69.

70.

Defendants deny the allegations in paragraph 70.

71.

Defendants deny the allegations in paragraph 71.

72.

Defendants deny the allegations in paragraph 72. Defendants deny that plaintiff is entitled to relief.

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a claim)

73.

Plaintiff has failed to assert ultimate facts sufficient to constitute claims for relief against defendants.

## SECOND AFFIRMATIVE DEFENSE

(Oregon Tort Claim Act Limitation on Claims and Damages – ORS 30.260 et seq.)

74.

Plaintiff's claims and damages against defendants are subject to all the limitations, conditions, and immunities contained in the Oregon Tort Claims Act, ORS 30.260 *et seq.*

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM. 430
PORTLAND, OREGON 97204
TELEPHONE: (503) 823-4047
FAX: (503) 823-3089

## THIRD AFFIRMATIVE DEFENSE

(Probable Cause)

75.

Defendant City's police officers had probable cause to take plaintiff into custody and use the amount of force necessary to take plaintiff into custody.

## FOURTH AFFIRMATIVE DEFENSE

(Justification)

76.

The actions by defendant City's police officers were lawful and justified as those actions were necessary to carry out their duties as a police officer for the City.

## FIFTH AFFIRMATIVE DEFENSE

(Privilege)

77.

The actions of defendant City's police officers were privileged, as those actions were necessary to carry out their duties as law enforcement officers.

## SIXTH AFFIRMATIVE DEFENSE

(Good Faith)

78.

Any enforcement actions taken, or any other conduct by defendant City's police officers, was done in good faith based on reasonable grounds by defendant City's police officers.

## SEVENTH AFFIRMATIVE DEFENSE

(No Constitutional Violation)

Page 11 – DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

79.

The actions of defendants do not constitute a violation of plaintiff's constitutional rights.

## EIGHTH AFFIRMATIVE DEFENSE

(Qualified Immunity)

80.

Defendant City's police officers are entitled to qualified immunity from liability under 42 U.S.C. § 1983 because they acted in good faith and a reasonable police officer in their position would not have known that any of their actions or inactions would have violated a clearly established constitutional right of plaintiff.

## NINTH AFFIRMATIVE DEFENSE

(Riot, Civil Commotion, Mob Action Immunity – ORS 30.265(6)(e))

81.

The claims asserted in plaintiff's Complaint arise out of riot, civil commotion or mob action or out of an act or omission in connection with the prevention of the foregoing and accordingly, defendant Oliphant is immune pursuant to ORS 30.265(6)(e).

## TENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

82.

All or part of the harm alleged by plaintiff was a result of plaintiff's own actions or inactions or was otherwise a result of their failure to mitigate their damages.

## ELEVENTH AFFIRMATIVE DEFENSE

(No Duplicative Damages)

Page 12 – DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM. 430
PORTLAND, OREGON 97204
TELEPHONE: (503) 823-4047
FAX: (503) 823-3089

83.

Plaintiff is not entitled to receive duplicative damages.

## TWELVTH AFFIRMATIVE DEFENSE

(Lawful Use of Chattels)

84.

Defendants' exercise of control over plaintiff's chattels was necessary to serve a law enforcement purpose.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Right to Amend)

85.

Defendants reserve the right to amend their answer and add other affirmative defenses through and after discovery.

WHEREFORE, having fully answered plaintiff's Complaint, defendants pray that plaintiff's Complaint be dismissed and that judgment be entered in defendants' favor and for defendants' costs and disbursements incurred herein, in addition to such other relief as may be justified.

DATED: April 25, 2022.

Respectfully submitted,

DANIEL SIMON, OSB #124544
Deputy City Attorney
dan.simon@portlandoregon.gov
*Of Attorneys for Defendants*

Page 13 – DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES